# UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
JOEL A. PISANO
UNITED STATES DISTRICT JUDGE

Clarkson S. Fisher Courthouse
402 East State Street
Trenton, NJ 08608
(609) 989-0502

October 22, 2007

LETTER OPINION
ORIGINAL TO BE FILED WITH THE CLERK OF THE COURT

**Re:**   *United States v. John V. Cotona, et al.*, Criminal Action No. 07-26 (JAP)

Dear Parties,

Presently before the Court are motions by Defendants Vincent G. Cotona ("Cotona"), Daniel Hanley ("Hanley"), Glenn Geischen ("Geischen"), Anthony Ascolese ("Ascolese"), and Vincenza Girone ("Girone") to sever certain counts from the Indictment, pursuant to Federal Rule of Criminal Procedure 14. The Government has opposed these motions. For the reasons set forth herein, the Court denies the motions to sever made by Defendants Cotona, Hanley, Geischen, and Ascolese, and grants the motion to sever made by Defendant Girone.

## I.   Background

On January 11, 2007, a federal grand jury returned an indictment against eleven individuals, including Defendants Cotona, Hanley, Geischen, Ascolese, and Girone. The eleven-count Indictment, in Count One, charges Defendants John V. Cotona, Cotona, Hanley, Ralph A. Staffa, Matthew Feldman, Pravanand Sulaiman, and Shawn P. Streberger with mail fraud conspiracy, in violation of 18 U.S.C. § 1349. Counts Two through Five of the Indictment charge Defendants with substantive counts of mail fraud, in violation of 18 U.S.C. § 1341. Count Six alleges that Defendants John V. Cotona, Cotona, Hanley, Matthew Feldman, and Pravanand Sulaiman conspired to launder money, in violation of 18 U.S.C. § 1956(h). In Count Seven, the Government charges Defendants John V. Cotona, Ralph A. Staffa, Shawn P. Streberger, Geischen, and Ascolese with bank fraud, in violation of 18 U.S.C. § 1344. Counts Eight through Ten chage Defendant John V. Cotona with currency transaction structuring, in violation of 18 U.S.C. § 5324. Finally, Count Eleven charges Defendants John V. Cotona and Girone with witness tampering, in violation of 18 U.S.C. § 1512(b)(1) and (3).

Currently, five of the eleven Defendants named in that Indictment seek to sever the counts brought against them. Specifically, Defendants Geischen and Ascolese move to sever Count Seven; Defendant Hanley moves to sever Counts Seven through Eleven; Defendant Cotona moves to sever his trial from that of all of the co-Defendants; and Defendant Girone moves to sever Count Eleven.

## II.     Discussion

On a motion to sever, the Court must consider Federal Rules of Criminal Procedure 8 and 14. Federal Rule of Criminal Procedure 8(b) provides that an indictment may charge two or more defendants "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). Notwithstanding that Rule, a defendant may seek to sever certain counts from counts brought against co-defendants under Rule 14 where the moving defendant proves that he would suffer undue prejudice by the joinder of the counts. Federal Rule of Criminal Procedure 14(a) provides:

> If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.

Fed. R. Crim. P. 14(a). Under that Rule, a moving defendant bears the burden of demonstrating that he would be "substantially prejudiced" by a joint trial. *United States v. DiPasquale*, 740 F.2d 1282, 1293 (3d Cir. 1984), *cert. denied*, 469 U.S. 1228 (1985).

Once the defendant meets that burden, the Court may exercise its discretion to grant the motion to sever. *United States v. Boyd*, 595 F.2d 120, 125 (3d Cir. 1978). In exercising its discretion, the Court must weigh the potential undue prejudice to the defendant against the interests of judicial economy and any potential undue prejudice to the Government. *United States v. Sandini*, 888 F.2d 300, 305 (3d Cir. 1989).

Applying that framework to the motions made by Defendants Cotona, Hanley, Geischen, and Ascolese, the Court finds that joinder is proper pursuant to Federal Rule of Criminal Procedure 8 and that these Defendants have not shown sufficient prejudice in order to sustain a motion for severance under Rule 14. Weighing all the relevant factors, the Court emphasizes that the underlying facts raised in Counts One through Ten are significantly intertwined such that severance would be impractical, would not serve the interests of judicial economy, and would likely cause prejudice to the Government. Moreover, these Defendants have not made a showing of "substantial prejudice" such that could outweigh the factors in favor of joinder. Therefore, the Court denies the motions to sever made by Defendants Cotona, Hanley, Geischen, and Ascolese.

Next considering the motion to sever brought by Defendant Girone, the Court holds that severance of Count Eleven is proper pursuant to Rule 14. As a threshold matter, the Court rejects Defendant Girone's argument that joinder was improper under Rule 8(b); the charge of witness tampering against this Defendant arose out of the same series of acts that form the basis of the other Counts in the Indictment such that the Government properly joined the Counts.

However, the Court finds that Defendant Girone has made a showing of substantial undue prejudice. Specifically, the charge brought against Defendant Girone relates to an act that occurred temporally separate from, and does not involve facts significantly intertwined with, the other alleged offenses. Moreover, the Court emphasizes that, absent severance, Defendant Girone would likely suffer undue prejudice from evidence proffered on the other charges, which would not necessarily relate to the charge brought against her. Having determined that, although joinder was properly brought pursuant to Federal Rule of Criminal Procedure 8, Defendant Girone would suffer substantial undue prejudice from joinder, the Court holds that severance is proper under Federal Rule of Criminal Procedure 14. Therefore, the Court grants Defendant Girone's motion to sever.

### III.     Conclusion

In conclusion, the Court finds that joinder of all Defendants was properly brought in the Indictment. In respect of the motions to sever brought by Defendants Cotona, Hanley, Geischen, and Ascolese, the Court finds that these Defendants have not made a showing that they would suffer substantial undue prejudice by joinder and, therefore, denies their motions. However, the Court concludes that Defendant Girone has shown that joinder of Count Eleven with the remaining Counts would cause her to suffer substantial undue prejudice. As a result the Court grants Defendant Girone's motion to sever. An appropriate order follows.

/s/ JOEL A. PISANO
Joel A. Pisano
United States District Judge